ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DIST. COURT
SAVANNAH DIV.

JAN 29  10 03 AM '98

CLERK
SO. DIST. OF GA.

DONALD D. MACY and
DINA K. MACY,

CASE NO.:

Plaintiffs,

v.

CV598-004

E. DOBIE CONNOR, individually and in his
official capacity as Sheriff of Charlton County,
CHARLTON COUNTY a political subdivision of
the state of Georgia, JEFF TEW, MICHAEL
FOREMAN, ARTHUR FUTCH, and NICHAEL
LOTT,
Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COME NOW** the Plaintiffs, Donald D. Macy and Dina K. Macy, sue Defendants, E. Dobie Connor, individually and in his official capacity as Sheriff of Charlton County, Charlton County, a political subdivision of the State of Georgia, Jeff Tew, Michael Foreman, Arthur Futch, and Nichael Lott, and state, to-wit:

1.  This is an action for damages which exceeds the sum of $200,000.00 exclusive of interest, costs, and attorney's fees.

2.  Plaintiffs are residents of Jacksonville, Duval County, Florida.

3.  At all times material herein, Defendant, E. Dobie Connor, was the Sheriff of Charlton County, Georgia.

4.  At all times material herein, Charlton County was a political subdivision of the State of Georgia.

5.  At all times material herein there existed an Association County Commissioners of

/

Georgia Interlocal Risk Management Agency Combined Automobile, Crime, Liability and Property Coverages Member Coverage Agreement which provided coverage for Charlton County and its employees according to its terms and conditions.

6. At all times material herein, Defendants, Michael Foreman, Arthur Futch, and Nichael Lott were Georgia residents.

7. At all times material herein, Defendant, Jeff Tew, was a Georgia resident and is now a Florida resident.

8. On or about February 2, 1996, Plaintiff, Donald D. Macy became engaged in a high speed pursuit with law enforcement officials in Florida. Said high speed pursuit ensued on U.S. 1 and Plaintiff proceeded in a northerly direction into the State of Georgia and, more particularly, Charlton County.

9. At all times material herein, Defendants Jeff Tew and Michael Foreman, were employed by the Sheriff of Charlton County and were acting within the course and scope of their employment.

10. Defendants Tew and Foreman were stationed on duty at the intersection of U.S. 1 (also known as GA. 4) and Georgia State Road 40, or in close proximity thereto.

11. As the high speed pursuit progressed, Defendants Tew and Foreman were listening to the conversations of the law enforcement officials involved and became aware that the Plaintiff was approaching the above described intersection.

12. Immediately prior to Plaintiff arriving at said intersection, Defendants Tew and Foreman, in an effort to aid the law enforcement officials in said high speed pursuit of Plaintiff went to said intersection. When said Defendants arrived at said intersection Defendant, Arthur Futch, was operating a tractor trailer rig with the consent of its owner, Defendant Nichael Lott, and was

stationery in the southbound left turn lane of U.S. 1/GA. 4.

13. At all time material herein, Defendant Futch was acting within the course and scope of his employment with his employer, Defendant Nichael Lott.

14. When Defendants Tew and Foreman arrived at said intersection, said Defendants waved Defendant Futch to make a left turn and then stop across the northbound lane of U.S. 1/GA. \4, thereby blocking completely the northbound lanes of traffic by creating a "deadman's roadblock."

15. Immediately after Defendants Tew and Foreman blocked the aforementioned northbound lanes, Plaintiff arrived at said intersection and collided with said tractor trailer rig, thereby causing him grievous injuries.

16. Plaintiff Donald D.Macy had inadequate time within which to avoid the collision.

17. At all times material herein, Defendants Tew, Foreman, Connor, and Charlton County acted under color of state law.

18. Pursuant to Section 36-11-1 OCGA, all conditions precedent to the filing of this action have occurred or have been performed. A copy of a letter dated January 21, 1997, from Plaintiffs' attorney to the County Attorney for Charlton County, along with a copy of the return receipt is attached hereto and by reference incorporated herein as Exhibit "A".

## COUNT I

19. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 18 and incorporate same herein Count I.

20. The allegations or other factual contentions contained herein are likely to have evidentiary support after reasonable opportunity for further investigation or discovery.

21. This action is brought pursuant to 42 USC Section 1983 and 28 USC 1331 and jurisdiction is based upon same.

22. The aforementioned conduct of Defendants Tew and Foreman in blocking Plaintiff's lane of travel with said tractor trailer rig constitutes the use of deadly and excessive force in violation of Plaintiff's rights.

23. The conduct of Defendants Tew and Foreman exhibited the custom or policy of Defendants E. Dobie Connor and Charlton County, in that said Defendants were aware of the common practice of employees such as Defendants Tew and Foreman of using similarly deadly and excessive force. Additionally, Defendants E. Dobie Connor and Charlton County failed to enforce departmental regulations prohibiting the use of deadly and excessive force by employees such as Tew and Foreman in the course of apprehending individuals similarly situated as Plaintiff. Furthermore, Defendants E. Dobie Connor and Charlton County failed to adequately investigate instances of deadly and excessive force used by its employees. Furthermore, said Defendants failed to properly discipline defendants Tew and Foreman in their use of deadly and excessive force as aforementioned and, as such, ratified their conduct. Furthermore, said Defendants failed adequately to train and supervise Defendants Tew and Foreman.

24. As a result of Defendants E. Dobie Connor and Charlton County's failure to control the conduct of Tew and Foreman, said Defendants believed they were free to use deadly and excessive force in the stopping of individuals similarly situated as Plaintiff, without fear of punishment.

25. The conduct of Defendants Tew, Foreman, E. Dobie Connor, and Charlton County, constituted a violation of Plaintiff Donald D. Macy's federally protected Fourth Amendment right to be free from unreasonable seizure of his person, Eighth Amendment right to be free from cruel and unusual punishment, and Fourteenth Amendment right to due process, all as guaranteed under the United States Constitution.

26.     The aforementioned conduct of defendants Tew and Foreman was so gross and flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effects of such conduct, showed such an entire lack of care that said Defendants must have been consciously indifferent to the consequences, or showed such an entire lack of care that said Defendants must have wantonly or recklessly disregarded the safety and welfare of the public.

27.     Plaintiffs have retained the undersigned attorneys and are obligated to pay them a reasonable fee for their services.

28.     As a direct and proximate result of the actions and omissions of Defendants Connor, individually and in his official capacity as Sheriff of Charlton County, Charlton County, Tew and Foreman, Plaintiff, Donald D. Macy, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, hospital, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Said losses are either permanent or continuing in nature and Plaintiff will continue to suffer said losses in the future.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court for a declaration that the actions and inactions of said Defendants have violated Plaintiff Donald D. Macy's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, an injunctive order requiring Defendants to take appropriate remedial action to make Plaintiff whole including, but not limited to, compensatory damages, punitive damages, attorney's fees, court costs, and such other relief as this Court finds meet and proper.

## COUNT II

29.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 18 and incorporate same herein Count II.

30.     Jurisdiction is based upon 28 USC 1367.

31.     Defendants Tew and Foreman were negligent in that they motioned Defendant Futch to block the northbound lane of travel thereby creating a dangerous condition.

32.     At all times material herein, Defendant Tew and Foreman owed a duty to Plaintiff to discharge their duties in such a fashion so as not to endanger Plaintiff and those similarly situated.

33.     As a direct and proximate result of Defendant Tew's and Foreman's negligence, Plaintiff, Donald D. Macy, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, hospital, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Said losses are either permanent or continuing in nature and Plaintiff will continue to suffer said losses in the future. Plaintiff Macy's medical expenses exceed $200,000.00

**WHEREFORE**, Plaintiffs demand judgment against Defendants E. Dobie Connor in his official capacity as Sheriff of Charlton County, Charlton County, Jeff Tew, and Michael Foreman for damages and court costs.

## COUNT III

34.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 16 and incorporate same herein Count III.

35.     Jurisdiction is based upon diversity of citizenship pursuant to USC 1332, and upon 28 USC 1367.

36.     Defendant, Arthur Futch, was negligent including, but not limited to operating said tractor trailer rig such that it blocked Plaintiff Donald D. Macy's northbound lane of travel.

37.     At all times material herein, said Defendant owed a duty to Plaintiff to operate said

tractor trailer rig in such a fashion as not to endanger Plaintiff or those similarly situated.

38. As a direct and proximate result of said Defendant's negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, hospital, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Said losses are either permanent or continuing in nature and Plaintiff will continue to suffer said losses in the future. Plaintiff Macy's medical expenses exceed $200,000.00.

**WHEREFORE**, Plaintiff, demands judgment against Defendants, Arthur Futch and Nichael Lott, for damages and court costs.

## COUNT IV

39. Plaintiffs reallege each and every allegation contained in paragraphs 1 through 37 and incorporate same herein Count IV.

40. Jurisdiction is based upon 28 USC 1367.

41. At all times material herein Plaintiffs were husband and wife.

42. As a direct and proximate result of Defendants' acts and omissions, Plaintiff, Dina K. Macy, sustained the loss of society, services, comfort, companionship, and consortium of her husband, Donald D. Macy. Said losses are either permanent or continuing in nature and said Plaintiff will suffer said losses into the future.

**WHEREFORE,** Plaintiff, Dina K. Macy demands judgment against all Defendants for damages and court costs.

Plaintiffs respectfully request trial by jury as to all issues.

_____
ROBERT L. CORSE
Florida Bar No.:
233 E. Bay Street, Suite 920
Jacksonville, Florida 32202
(904) 634-1701

PAUL S. BOONE
Florida Bar No.: 340480
1221 King Street
Jacksonville, Florida 32204
(904) 389-0408

# CORSE, BELL & MILLER, P.A.
ATTORNEYS AT LAW
THE BLACKSTONE BUILDING
233 EAST BAY STREET, SUITE 920
JACKSONVILLE, FLORIDA 32202

ROBERT L. CORSE
THOMAS M. BELL
JAMES T. MILLER*

January 21, 1997

TELEPHONE (904) 634-1701
FACSIMILE (904) 634-1507

*BOARD CERTIFIED CRIMINAL APPELLATE LAWYER

VIA CERTIFIED MAIL
Return Receipt #  P 152 200 584

Mr. Michael Perry
County Attorney
Charlton County
100 3rd Street
Folkston, GA  31537

## NOTICE OF CLAIM

RE:  Our clients:   Donald Macy and Dina Macy, his wife
     D/L:           February 2, 1996
     Place of Loss: Folkston, GA

Dear Mr. Perry:

Please take notice, pursuant to Georgia Statutes and specifically O.C.G.A. §36-11-1 and any other Georgia Statute requiring notice to the county, its agents, agencies or employees, that Donald Macy and his wife, Dina Macy, are making a claim against Charlton County, Georgia, the Sheriff of Charlton County, and two (2) Sheriff's Office employees, Deputy Sheriff's Michael Foreman and Jeff Tew for negligence and recklessness and for violations of Mr. Macy's rights including but not limited to his constitutional right to remain free from unlawful seizure.

The facts are contained in the materials attached to this notice of claim. Specifically, the Deputies Michael Foreman and Jeff Tew caused a tractor trailer truck to block Mr. Macy's right of way and caused serious injuries to Mr. Macy. The driver of the tractor trailer, Arthur Futch and an independent witness (another driver at the same intersection, Billy Corbitt) indicated that the two Sheriff's Deputies waived Mr. Futch across the road into the path of Mr. Macy's motorcycle when Mr. Macy had the right of way and the driver of the tractor trailer had a duty to yield. Attached to this notice are medical records and bills in excess of $186,000.00. Also attached and incorporated by reference is a copy of the accident report. Mr. and Mrs. Macy make claim for damages as a result of the wrongful acts of the Deputies, the Sheriff and the County.

# EXHIBIT "A"

Michael Perry
January 22, 1997

Page 2

      This notice is being furnished to you pursuant to Georgia law to provide the Charlton County and its agents, agencies and employees an opportunity to investigate these claims in order to reach a fair and equitable settlement. If you have any questions whatsoever or need additional information, please feel free to contact me at the above address and telephone number.

      I look forward to your reply.

Sincerely,

Robert L. Corse

jat
Enclosures

**Form 3800, April 1995**

US Postal Service
**Receipt for Cer**
No Insurance Coverage
Do not use for internati
Sent to

Street & Number

Post Office, State & ZIP C

Postage

Certified Fee

Special Delivery Fee

Restricted Delivery Fee

Return Receipt Showing
Whom & Date Delivered

Return Receipt Showing to
Date & Addressee's Address

TOTAL Postage & Fees

Postmark or Date

Mr. Michael Perry
County Attorney
Charlton County
100 3rd Street
Folkston, GA 31537

P 152 200 584

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space is not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Mr. Michael Perry
County Attorney
Charlton County
100 3rd Street
Folkston, GA 31537

4a. Article Number
P 152 200 584

4b. Service Type
☐ Registered        ☐ Insured
☑ Certified         ☐ COD
☐ Express Mail      ☐ Return Receipt for Merchandise

7. Date of Delivery
1-27-98

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1991    ☆U.S. GPO: 1993—352-714    **DOMESTIC RETURN RECEIPT**